UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MITCHELL EVANS                                    CIVIL ACTION

VERSUS                                            NO: 12-1338

TRANSOCEAN OFFSHORE USA, INC.                     SECTION: R

**ORDER AND REASONS**

Defendant GlobalSantaFe Drilling Company ("GSF") moves for summary judgment dismissing plaintiff Mitchell Evans' Jones Act negligence and unseaworthiness claims. Because the facts specifically averred by the plaintiff would permit a reasonable jury to find in his favor, the Court DENIES the motion.

**I.   BACKGROUND**

Plaintiff claims to have injured his lower back while working as a roustabout for GSF aboard the DEVELOPMENT DRILLER I ("DDI"). On March 12, 2012, plaintiff was cleaning drilling mud from the deck of the DDI when he allegedly slipped in an area he had previously throughly cleaned with soap and water.[1] Rather than reporting the incident, plaintiff cleaned the area again with soap and water, completed his tour, and went to bed.[2] He

---

[1] R. Doc. 17-4 at 4-5; R. Doc. 22-2 at 13-15.

[2] R. Doc. 22-2 at 19-22.

reported the alleged accident when he woke up the next morning.[3]

Plaintiff sued Transocean Offshore USA, Inc. on May 23, 2012, alleging Jones Act negligence and unseaworthiness.[4] He also seeks maintenance and cure benefits, as well as punitive damages and attorney's fees for the withholding of these benefits.[5] On August 14, 2012, plaintiff filed his First Amended Complaint, substituting GSF as a defendant.[6] Plaintiff now claims that he slipped on hydraulic oil that leaked onto the deck after he had already cleaned the area where the accident occurred.[7] At plaintiff's deposition, defendant asked plaintiff if he had slipped on drilling mud:

    A.    No, sir.

    Q.    Okay.

    A.    I'm pretty sure it was hydraulic oil that I slipped in.

    Q.    Hydraulic oil from where?

    A.    Around on the hoist of the cable here or something. The [Offshore Installation Manager ("OIM")] told me there had been a hydraulic leak down there after I got hurt.

*Id.* The OIM, Steve McElhose, denies making this statement, but

---

[3] *Id.* at 21-22.

[4] R. Doc. 1.

[5] *Id.*

[6] R. Doc. 5.

[7] R. Doc. 22-2 at 15.

GSF accepts plaintiff's allegations as true for the purposes of this motion.

Later, defendant questioned plaintiff about the alleged hydraulic leak:

> Q. Okay. And you didn't see that hydraulic?
>
> A. No, sir.
>
> Q. And who told you that there was a hydraulic leak there?
>
> A. The OIM on duty.
>
> . . .
>
> Q. Okay. Now, did you ever see what you slipped in?
>
> A. I'd seen, it was like an oil sheen down there, but I wasn't for sure what it was.
>
> Q. Was the oil sheen different than what the drilling mud would look like?
>
> A. It would be hard to tell. Because, after the drilling mud was down there, it just looked like oil and all on the old deck.[8]

Defendant then asked plaintiff if he had examined the area where the accident occurred after he first cleaned it:

> A. Yes.
>
> Q. Did it have any sheen at that time?
>
> A. No, sir.
>
> Q. So, you're telling me when you came back to that area and you slipped in it, you saw a sheen?

---

[8] *Id.* at 16-17.

> A. Yes, sir.
>
> Q. Okay. Now, do you know that that sheen was hydraulic oil?
>
> A. I don't know for a fact it was.[9]

Finally, defendant questioned plaintiff about the basis for his conclusion that he slipped in hydraulic oil rather than drilling mud:

> Q. Okay. What evidence do you have that what you slipped on was hydraulic fluid that leaked from the coil as opposed to drilling mud that you had not cleaned up?
>
> A. That would just be the OIM telling me that there had been a hydraulic leak down there that they had been trying to get fixed.
>
> Q. But you never went–and he told you that when? the day after [sic]?
>
> A. Yes, sir. the next morning [sic].[10]

Defendant now moves for summary judgment on plaintiff's negligence and unseaworthiness claims.[11] It argues that even accepting as true plaintiff's assertion that the OIM told him there had been a hydraulic oil leak, because the OIM did not have personal knowledge of the substance in which plaintiff slipped, his statement cannot form the basis of plaintiff's conclusion that he slipped in hydraulic oil. It further contends that based

---

[9] *Id.* at 17.

[10] *Id.* at 20-21.

[11] R. Doc. 17-1.

on the evidence, a reasonable jury could not find by a preponderance of the evidence that plaintiff slipped in hydraulic oil as opposed to drilling mud.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

Where, as here, the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden merely by pointing out that the evidence in the record is insufficient with respect to an

essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The proper inquiry is whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict in his favor.  *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 366 (5th Cir. 1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  The mere existence of a scintilla of evidence in support of the plaintiff's position will therefore be insufficient.  *Anderson*, 477 U.S. at 252.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325.  *See also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (emphasis in original) (citing *Celotex*, 477 U.S. at 332).  Summary judgment is appropriate where "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)).

**III. DISCUSSION**

Defendant argues that because the OIM did not see the substance in which plaintiff slipped, he does not have personal knowledge of what the substance was.  Without personal knowledge, defendant argues, the OIM's alleged statement cannot form the basis of plaintiff's conclusion that he slipped on hydraulic oil.  Defendant contends that plaintiff's testimony reveals no other basis for his belief that the substance was hydraulic oil as opposed to drilling mud.

It is clear from plaintiff's deposition testimony that although he was able to detect an oily sheen at the accident site that was not present after he first cleaned the area, he was unable at that time to discern from its appearance whether the sheen was caused by hydraulic oil or drilling mud.  It is also true that the OIM lacked personal knowledge of the nature of the substance.  The defendant does not allege–at least for the purposes of this motion–that the OIM lacked personal knowledge of the existence of a hydraulic leak at the accident site.  Accepting as true plaintiff's uncontroverted assertions (1) that he had thoroughly cleaned the accident site, which was free of an oily sheen before his fall; (2) that after slipping, he noticed an oily sheen, although he could not be sure it was hydraulic fluid; and (3) that the OIM told him the next morning that there was a hydraulic leak in the area, that evidence, taken together, could permit a reasonable inference that the plaintiff slipped on

hydraulic oil. That plaintiff was unable to identify the substance from his own observations is not dispositive.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for summary judgment.

New Orleans, Louisiana, this   10th   day of December, 2013.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE